Reese, J.
delivered the opinion of the court.
This is an indictment for grand larceny. The plaintiff in error was a barber, and had a shop in the town of Lebanon. Muirhead, the prosecutor, went to the shop of Lawrence late in the evening for the purpose of having his hair trimmed. This operation having been performed, prosecutor took out his pocket-book in order to pay the plaintiff in error, and gave him a one dollar bill, but the latter, not having the change, left the shop for the purpose of procuring it, and prosecutor remained. When the prosecutor took out his pocket-book, which contained four hundred and eighty dollars, he laid it upon a table in the shop. On the retan of the plaintiff prosecutor met him without the door, received his change and departed. On retiring to bed that night at nine or ten o’clock he missed his pocket-book, and remembered that he had left it on the table in the shop. He then went to the shop, where he found the plaintiff, who denied all knowledge of the pocket-book. The foregoing is a sufficient statement of the evidence with reference to the question discussed before us. Upon this part of the testimony, his *231 honor, the circuit judge, charged the jury, that if the prosecutor took out his pocket-book in the shop of the and laid it upon the table, and the defendant took it, unknown to the prosecutor, with the intention of converting it to his own use, against the will and knowledge of the prosecutor, and whilst the prosecutor was in the shop, that he would be guilty of larceny. The court further charged, that if the prosecutor had taken out his pocket-book and laid it upon the table at defendant’s shop and left it there and went away out of the house, it would still be a sufficient constructive possession in the prosecutor to make the taking and convert-ingit to defendant’s use a larceny, if such taking was accompanied with the intention of appropriating the bank notes to his own use without the knowledge, consent or will of the prosecutor. The defendant having been convicted by the verdict of the jury, and having moved the court for a new trial, which was refused, he brings his writ of error before this court; and here it has been argued with much zeal and ingenuity by his counsel upon the authority of Long’s case, 1 Hay. 157, note, State vs. Braden, 2 Tenn. Rep. 68, State vs. Wright, 5 Yer. Rep. 155, and Felter vs. The State, 9 Yerger, that to constitute larceny there must be at least a constructive possession in the owner of the goods and a trespass in the taking; and this is certainly so, upon the authority of the cases referred to. But the question before us is, had not the prosecutor, under the circumstances proved, a constructive possession, so as to make a taking, with the intention to appropriate, a trespass, and therefore a larceny? The defendant’s counsel answers the question in the negative, and strenuously contends that the prosecutor, having gone away from the shop without remembering that he had left his pocket-book behind him, the same, during the time his mind remained in that state, may be said to have been lost; and that it has been determined in the case of Porter vs. The State, Martin and Yer. 226, that the fraudulent appropriation of lost goods, even where the finder knows the owner, is not larceny. We answer that the pocket book, under the circumstances proved, was not lost, nor could the defendant be called a finder. The pocket book was left, not *232 The loss of goods, lost .. , . . it -depends upon something more than the knowledge or lgnor-in legal and common intendment, anee, the memory or want of memory, of the owner, as to their locality at any given moment. If I place my watch or pocket-book under my pillow in a bed chamber, or upon a table or bureau, I may leave them behind me indeed, but if that be all, I cannot be said with propriety to have lost them. {To lose is not to place or put any thing carefully and voluntarily in the place you intend and then forget it, it is casually and involuntarily to part from the possession; and the thing is then usually found in a place or under circumstances to prove to the finder that the owner’s will, was not employed in placing it thereof To place a pocket book, therefore, upon a table, and to omit or forget to take it away, is not to lose it in the sense in which the authorities referred to speak of lost property; and wé are of opinion, therefore, that there was no error in the charge of the court in reference to the facts in this case, and we affirm the judgment.